[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12442
Non-Argument Calendar

_____

D. C. Docket No. 03-00084-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARD JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 21, 2009)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Bernard Jackson, proceeding pro se, appeals the district court's order denying his motion for a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we affirm.

**I.**

In 2003, Jackson pled guilty to one count of possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). The probation officer prepared a pre-sentence investigation report ("PSI") and determined that Jackson was responsible for 14.5 grams of crack cocaine, giving him a base offense level of 26, pursuant to U.S.S.G. § 2D1.1(c)(7). However, the probation officer also determined that Jackson was a career offender under U.S.S.G. § 4B1.1, which gave him a new, superseding offense level of 34. After applying a 3-level reduction for acceptance of responsibility, the probation officer determined that Jackson had a total offense level of 31. Jackson's status as a career offender gave him a criminal history category of VI, which, when combined his offense level of 31, produced an applicable guideline range of 188 to 235 months' imprisonment.

At sentencing, the district court granted Jackson a two-level downward departure to a criminal history category of IV. The district court, however, declined to reduce Jackson's offense level of 31. As a result, Jackson's applicable

2

guideline range became 151 to 188 months' imprisonment, and the court sentenced him to the low-end of that range.

In 2005, the district court granted the government's motion to reduce Jackson's sentence based on his substantial assistance, pursuant to Fed.R.Crim.P. 35(b). Specifically, the court imposed a four-level reduction in Jackson's offense level, lowering it from 31 to 27, which, when combined with a criminal history category of IV, produced a new guideline range of 100 to 125 months' imprisonment. The court sentenced Jackson to the low-end of that range.

On March 5, 2008, Jackson, relying on Amendment 706 to the Guidelines, filed the instant pro se motion for a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2). The district court denied the motion, concluding that, because Jackson was sentenced as a career offender, Amendment 706 would not lower his applicable guideline range. Jackson filed a motion for reconsideration, requesting that the court reconsider its decision in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and 18 U.S.C. § 3553(a). The district court denied the motion. This appeal followed.

## II.

"We review de novo a district court's conclusions about the scope of its

3

legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(2)(B) (policy statement providing the same).

Construing this language of § 3582(c)(2), we held in United States v. Moore that certain defendants who were sentenced as career offenders were ineligible for a sentencing reduction under Amendment 706 because that amendment would not reduce their applicable guideline ranges. 541 F.3d 1323, 1330 (11th Cir. 2008) ("[A]lthough Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1."), cert. denied, 129 S.Ct. 969, and cert. denied, 129 S.Ct. 1601 (2009); see U.S.S.G. § 4B1.1(b) (providing for superseding offense levels based on the statutory maximum penalty where those levels are "greater than the offense level otherwise applicable").

**III.**

In this case, Jackson was sentenced as a career offender and, therefore,

4

Amendment 706 would not reduce his applicable guideline range.[1]  In addition,

Jackson's reliance on <u>Booker</u> and its progeny is without merit, as those cases do

not independently authorize the district courts to grant a sentencing reduction

under § 3582(c)(2).  <u>See</u> <u>United States v. Jones</u>, 548 F.3d 1366, 1369 (11th Cir.

2008), <u>cert. denied</u>, 129 S.Ct. 1657 (2009).  Furthermore, we have held that,

despite <u>Booker</u>, the district courts remain bound by the policy statement in

§ 1B1.10.  <u>United States v. Melvin</u>, 556 F.3d 1190, 1190 (11th Cir.), <u>cert. denied</u>

(U.S. May 18, 2009) (No. 08-8664).   Thus, because Jackson was ineligible for a

sentencing reduction, the district court had no need to consider the § 3553(a)

factors.  <u>United States v. Webb</u>, 565 F.3d 789, 793 (11th Cir. 2009).  Accordingly,

we affirm.

    **AFFIRMED.**

---

[1] Notably, neither the district court's downward departure at sentencing nor its subsequent Rule 35 reduction affect this conclusion, as there was no indication that the court based its original sentence or its Rule 35 sentence on the offense level that would have applied had Jackson not been sentenced as a career offender.  <u>See</u> <u>Moore</u>, 541 F.3d at 1329-30.